**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLEANFUTURE, INC., an Oregon corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOTIVE ENERGY, INC., et al.,<br><br>　　　　　Defendants. | Case No.: SA CV 19-84-DMG (KESx)<br><br>ORDER RE DISMISSAL OF ACTION [88] |

Pursuant to the parties' stipulation, AND GOOD CAUSE APPEARING,

IT IS HEREBY ORDERED AND DECREED, as follows:

1. The Settlement Agreement, attached hereto as **Exhibit A**, is approved by the Court and the parties are ordered to perform the terms, covenants, and conditions therein contained.

2. The Court retains jurisdiction over the parties to enforce the Settlement Agreement.

3. The above-captioned action is hereby dismissed, with prejudice, as to all Parties.

4. Each party shall bear its own costs and attorneys' fees.

5. All scheduled dates and deadlines are VACATED.

DATED: August 31, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into by and between CLEANFUTURE, INC. ("CleanFuture") and JOHN THORNTON ("Thornton"), on the one hand, and MOTIVE ENERGY, INC. ("Motive"), ADVANCED CHARGING TECHNOLOGIES, INC. ("ACT"), SMART CHARGING TECHNOLOGIES ("SCT"), ROBERT J. ISTWAN, TONY CAPOLINO, JOHN BOETSCH, AL BELLANCA, MICHAEL K. NELSON and NASSER KUTKUT (collectively, "Defendants"), on the other hand. CleanFuture and Thornton are sometimes collectively referred to below as Plaintiffs. Plaintiffs and Defendants are sometimes collectively referred to below as "Parties," and each is individually sometimes referred to below as "Party."

## RECITALS

A. In or about October 2017, CleanFuture and Motive and ACT entered into a written contractual agreement ("LCFS Agreement") entitled the "Proposal for Collaboration on Low Carbon Fuel Savings (LCFS) with CleanFuture's Pathway to Savings Program."

B. As a result of certain disputes arising from and relating to the LCFS Agreement, on or about January 15, 2019, CleanFuture filed a Complaint against Defendants for damages and injunctive relief ("Complaint") styled as *CleanFuture, Inc. v. Motive Energy, Inc., et al.*, in the United States District Court for the Central District of California, Case No. 8:19-cv-00084 AG (KESx).

C. On or about January 31, 2019, CleanFuture filed a First Amended Complaint against Defendants for damages and injunctive relief ("FAC").

D. On or about April 30, 2019, CleanFuture filed a Second Amended Complaint against Defendants for damages and injunctive relief ("SAC").

E. On or about May 14, 2019, Defendants filed an answer to the SAC, and Motive and SCT filed CounterClaims against CleanFuture and John Thornton for (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Unjust Enrichment; (4) Money Had and Received; and (5) Declaratory Relief ("CounterClaims").

F. On or about June 6, 2019, CleanFuture and Thornton filed an answer to the CounterClaims.

G. The SAC and CounterClaims in the above referenced litigation are also collectively referred to as "the Action."

H. On October 30, 2019 and June 24, 2020, the Parties attended a mediation before the Hon. Raul A. Ramirez (Ret.), of ADR Services Inc., and reached a resolution of the disputed claims in the Action.

I. The Parties dispute the claims and defenses at issue in Action, and desire to compromise and settle certain claims and matters arising therefrom between them. The Parties have reached a settlement agreement of all claims and matters in the Action as set forth herein.

1

THEREFORE, in consideration of the mutual promises and covenants made in this Agreement and other valuable consideration, receipt of which is acknowledged, the Parties agree as follows:

## AGREEMENT

1. <u>Settlement Payment</u>. As a compromise and settlement of the claims at issue in the Action, Defendants shall pay the sum of One Million Seven Hundred and Fifty Thousand Dollars ($1,750,000) to CleanFuture no later than August 23, 2020 ("Settlement Payment"). The Settlement Payment shall be paid by means of wire transfer to "CleanFuture Inc." and delivered to:

| | |
|---|---|
| Financial Institution: | First Technology Federal Credit Union |
| | P.O. Box 2100 |
| | Beaverton, OR 97075-2100 |
| | Routing No.: 321180379 |
| | Account No.: 9331766668 |

2. <u>Dismissal</u>. Within ten (10) days from CleanFuture's receipt and successful negotiation of the Settlement Payment referenced in paragraph 1 above, the Parties shall file a Stipulation for an Order of Dismissal ("Stipulation for Dismissal") with prejudice of the claims in the SAC and Cross-Claims in the Action with each party agreeing to bear their own attorneys' fees and costs in the Action. The Stipulation for Dismissal will also request that the Court retain jurisdiction to enforce the Agreement under applicable law.

3. <u>Mutual Release</u>.

(a) Except with respect to the obligations created by, acknowledged, or arising from this Agreement or any other documents contemplated hereunder, CleanFuture and Thornton, on behalf of themselves, and their successors, servants, board members, agents, employees, heirs, assigns, partners, managers, members brokers, officers, directors, shareholders, insurers, sureties and persons and entities holding beneficial interests, do hereby release and absolutely and forever discharge Defendants and Defendants' successors, affiliates, servants, board members, agents, employees, heirs, assigns, partners, managers, members, brokers, officers, directors, shareholders, insurers, sureties and persons and entities holding beneficial interests from any and all claims, demands, rights, liabilities, costs, expenses (including attorney's fees), remedies, damages, losses, and causes of action, whether or not now known, suspected or claimed, which CleanFuture and Thornton ever had, now have, claims to have had, or may have had against Defendants relating to or arising from the SAC, Cross-Claims, and the Action.

(b) Except with respect to the obligations created by, acknowledged, or arising from this Agreement or any other documents contemplated hereunder, Defendants, on behalf of themselves, and their successors, affiliates, servants, board members, agents, employees, heirs, assigns, partners, managers, members, brokers, officers, directors, shareholders, insurers, sureties and persons and entities holding beneficial interests, do hereby release and absolutely and forever discharge CleanFuture and Thornton, and CleanFuture and Thornton's successors, servants, board members, agents, employees, heirs, assigns, partners, managers, members, officers, directors, shareholders, insurers, sureties and persons and entities holding beneficial interests from any and all claims, demands, rights, liabilities, costs, expenses (including attorney's fees), remedies, damages,

losses, and causes of action, whether or not now known, suspected or claimed, which Defendants ever had, now have, claims to have had, or may have had against CleanFuture relating to and arising from the SAC, Cross-Claims, and the Action.

4. Waiver of California Civil Code section 1542. Except with respect to the obligations created by, acknowledged, or arising from this Agreement or any other documents contemplated hereunder it is the intention of the Parties hereto that the foregoing releases in Paragraph 3 above, shall be effective as a full and final accord and satisfaction, and as a bar to all actions, causes of action, and obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities, and demands of whatsoever nature, character, or kind, known or unknown, suspected or unsuspected relating to and arising from the Action. Each Party acknowledges that such party he is familiar with section 1542 of the California Civil Code and expressly waives the benefits thereof or any other similar provision under federal or state law. Section 1542 reads as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

5. No Admission of Liability. This Agreement affects the compromise and settlement of disputed and contested claims, and nothing contained herein shall be construed as an admission by any Party hereto of any liability of any kind to any other Party. Each Party hereby expressly denies that it is in any way liable to any other Party to this Agreement.

6. Binding on Successors. This Agreement shall bind the heirs, personal representatives, successors, and assigns of the Parties, and inure to the benefit of each Party, its agents, directors, managers, members, brokers, officers, partners, shareholders, officers, employees, servants, successors, franchisors, and assigns.

7. Governing Law. The Parties agree that this Agreement is made and shall be governed by, and construed and enforced in accordance with, the laws of the State of California.

8. Execution of Documents. The Parties agree to execute such other documents and to take such other actions as may be reasonably necessary to further the purposes of this Agreement.

9. Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding upon the Parties at such time as all of the signatories hereto have signed the counterpart of this Agreement. All counterparts so executed shall constitute an agreement binding on all of the Parties hereto, notwithstanding that all of the Parties are not signatory to the same counterpart. The Parties agree that the transmission of an executed copy of this Agreement by facsimile or electronic mail shall be valid and binding, and shall have the same full force and effect as if an executed original of this Agreement had been delivered.

10. Construction. Each Party has reviewed this Agreement prior to its execution, and the normal rule of construction that any ambiguities in this Agreement are to be resolved against the

107124005.3 0068497-00001

drafting Party shall not be employed in the interpretation of this Agreement. Title and captions contained in this Agreement are used for convenience or reference only and are not intended to and shall not in any way enlarge, define, limit, extend, or describe the rights or obligations of the Parties, or affect the meaning or construction of this Agreement, or any provision hereof.

11. <u>Authority and Enforceability</u>. Each Party, and each signatory for a Party, represents and warrants that he/she/it has the power and authority to enter into this Agreement and to consummate the transactions contemplated hereby on behalf of that Party, and this Agreement, when executed and delivered by the Parties, will be valid and binding and enforceable against each such Party in accordance with its terms, subject to and limited by the effect of bankruptcy, insolvency, reorganization, receivership, conservatorship, arrangement, moratorium or other laws affecting or relating to the rights of creditors generally.

12. <u>Notices</u>. All notices, demands, or other communications that either Party desires or is required or permitted to give or make to the other Party under or pursuant to this Agreement (collectively referred to as "notices") shall be made or given in writing and shall either be: (i) personally served; (ii) sent by registered or certified mail, postage prepaid; (iii) sent by email and telex or facsimile ("fax"); or (iv) sent by a nationally recognized overnight delivery service or courier (such as Federal Express). Notices hereunder shall be given to the Parties at the following addresses:

    If to CleanFuture and Thornton:

    CleanFuture, Inc.
    P.O. Box 23813
    Portland, OR 97281-3813

    With a copy to:

    Michael B. Brown, Esq.
    Stoel Rives LLP
    500 Capitol Mall, Ste. 1600
    Sacramento, CA 95814
    T: 916-447-0700
    michael.brown@stoel.com

    If to Defendants:

    Bob Istwan
    Motive Energy
    125 East Commercial Street, Building B
    Anaheim, CA 92801
    T: 800-680-7891
    bistwan@motive-energy.com

With a copy to:

Eric J. Rans, Esq.
Michelman & Robinson, LLP
17901 Von Karman Ave, 10th Floor
Irvine, CA 92614
T: 714-557-7990
erans@mrllp.com

13. <u>Waivers</u>. No waiver of any of the provisions of this Agreement shall be deemed to be or shall constitute a waiver of any other provision of this Agreement, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver of any provision of this Agreement shall be binding on the Parties hereto unless it is executed in writing by the Party making the waiver.

14. <u>Modification</u>. This Agreement may be modified only in a writing signed by the Parties.

15. <u>No Third-Party Beneficiaries</u>. None of the provisions of this Agreement shall be for the benefit of, or shall be enforceable by, any third party. The Parties also may not assign any of the rights or obligations of this Agreement to any third party unless the Parties' consent to such assignment in a writing signed by the Parties.

16. <u>Independent Advice of Counsel</u>. The Parties hereto represent and declare that in executing this Agreement they relied solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims, and that they have not been influenced to any extent whatsoever in executing the same by any representations or statements covering any matter made by any other Party hereto or by any person representing any such other Party hereto or that they have knowingly and voluntarily waived the right to seek the advice of such counsel.

17. <u>No Representations</u>. Each Party to this Agreement acknowledges that it is fully aware of the significance and legal effect of this Agreement, including its release provisions, and is not entering into this Agreement in reliance on any representation, promise, or statement made by any Party, except those explicitly contained in this Agreement.

18. <u>Voluntary Agreement</u>. The Parties, and each of them, further represent and declare that they have carefully read this Agreement and know the contents thereof and that they signed the same freely and voluntarily.

19. <u>Mistake</u>. Each of the Parties to this Agreement has investigated the facts pertaining to the Action and to this Agreement to the extent each party deems necessary. In entering into this Agreement, each party assumes the risk of mistake with respect to such facts. This Agreement is intended to be final and binding upon the Parties regardless of any claim of mistake.

20. <u>Severability</u>. The provisions of this Agreement are contractual, and not mere recitals, and shall be considered severable, so that if any provision or part of this Agreement shall at any time be held invalid, that provision or part thereof shall remain in force and effect to the extent

allowed by law, and all other provisions of this Agreement shall remain in full force and effect, and be enforceable.

21.     Survival of Provisions.  All promises, covenants, releases, representations and warranties contained in this Agreement shall survive the execution and delivery of this Agreement and the consummation of the transactions contemplated herein.

22.     Effective Date.  This Agreement is effective on June 24, 2020.

23.     Entire Agreement.  This Agreement constitutes the entire agreement between the Parties, and it is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect or particular whatsoever, except by a written document, duly executed by the Parties, or their authorized representatives.  This Agreement expressly supersedes all previous or contemporaneous representations, understandings and agreements between the parties concerning the matters referenced herein.  The Parties acknowledge and agree that no one of them will make any claim at any time or place that this Agreement has been orally altered or modified in any respect whatsoever.  This is an integrated Agreement.

The Parties hereto have executed and entered into this Agreement as of the date last written below, and acknowledge that they have voluntarily and knowingly entered into this release and settlement as set forth in this Agreement.

DATED: 8/17/2020

CLEANFUTURE, INC.

By: _____
Name: JOHN A. THORNTON
Its: President

DATED: 8/17/2020

JOHN THORNTON

By: _____
Name: John Thornton

DATED: _____

MOTIVE ENERGY, INC.

By: _____
Name: _____
Its: _____

107124005.3 0068497-00001



allowed by law, and all other provisions of this Agreement shall remain in full force and effect, and be enforceable.

21. <u>Survival of Provisions</u>. All promises, covenants, releases, representations and warranties contained in this Agreement shall survive the execution and delivery of this Agreement and the consummation of the transactions contemplated herein.

22. <u>Effective Date</u>. This Agreement is effective on June 24, 2020.

23. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties, and it is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect or particular whatsoever, except by a written document, duly executed by the Parties, or their authorized representatives. This Agreement expressly supersedes all previous or contemporaneous representations, understandings and agreements between the parties concerning the matters referenced herein. The Parties acknowledge and agree that no one of them will make any claim at any time or place that this Agreement has been orally altered or modified in any respect whatsoever. This is an integrated Agreement.

The Parties hereto have executed and entered into this Agreement as of the date last written below, and acknowledge that they have voluntarily and knowingly entered into this release and settlement as set forth in this Agreement.

DATED: _____        CLEANFUTURE, INC.

                        By: _____
                        Name: _____
                        Its: _____

DATED: _____        JOHN THORNTON

                        By: _____
                        Name:  John Thornton

DATED: 8/17/2020        MOTIVE ENERGY, INC.

                        By: _____
                        Name:  Robert Istuary
                        Its:   CEO

6

| | |
|---|---|
| DATED: 8/14/2020 | SMART CHARGING TECHNOLOGIES<br><br>By: _/s/ Nasser Kutkut_<br>Name: Nasser Kutkut<br>Its: CEO |
| DATED: _____ | ADVANCED CHARGING TECHNOLOGIES, INC.<br><br>By: _/s/_<br>Name: ROBERT ISTWAN<br>Its: PRESIDENT |
| DATED: 8/17/20 | ROBERT J. ISTWAN<br><br>By: _/s/_<br>Name: Robert J. Istwan |
| DATED: _____ | JOHN BOETSCH<br><br>By: _____<br>Name: John Boetsch |
| DATED: _____ | AL BELLANCA<br><br>By: _____<br>Name: Al Bellanca |
| DATED: _____ | MICHAEL K. NELSON<br><br>By: _____<br>Name: Michael K. Nelson |

7

107124005.3 0068497-00001

DATED: 8/14/2020                SMART CHARGING TECHNOLOGIES

By: *[signature]*
Name: Nasser Kutkut
Its: CEO


DATED: _____              ADVANCED CHARGING TECHNOLOGIES, INC.

By: _____
Name: _____
Its: _____


DATED: _____              ROBERT J. ISTWAN

By: _____
Name: Robert J. Istwan


DATED: 8-14-2020                JOHN BOETSCH

By: *[signature]*
Name: John Boetsch


DATED: _____              AL BELLANCA

By: _____
Name: Al Bellanca


DATED: _____              MICHAEL K. NELSON

By: _____
Name: Michael K. Nelson

7

107124005.3 0068497-00001

| | |
|---|---|
| DATED: 8/14/2020 | SMART CHARGING TECHNOLOGIES<br><br>By: _(signature)_<br>Name: Nasser Kutkut<br>Its: CEO |
| DATED: _____ | ADVANCED CHARGING TECHNOLOGIES, INC.<br><br>By: _____<br>Name: _____<br>Its: _____ |
| DATED: _____ | ROBERT J. ISTWAN<br><br>By: _____<br>Name: Robert J. Istwan |
| DATED: _____ | JOHN BOETSCH<br><br>By: _____<br>Name: John Boetsch |
| DATED: _____ | AL BELLANCA<br><br>By: _(signature)_<br>Name: Al Bellanca |
| DATED: _____ | MICHAEL K. NELSON<br><br>By: _____<br>Name: Michael K. Nelson |

DATED: 8/14/2020       SMART CHARGING TECHNOLOGIES

By: *(signature)*
Name: Nasser Kutkut
Its: CEO

DATED: _____    ADVANCED CHARGING TECHNOLOGIES, INC.

By: _____
Name: _____
Its: _____

DATED: _____    ROBERT J. ISTWAN

By: _____
Name: Robert J. Istwan

DATED: _____    JOHN BOETSCH

By: _____
Name: John Boetsch

DATED: _____    AL BELLANCA

By: _____
Name: Al Bellanca

DATED: 8·17·20        MICHAEL K. NELSON

By: *(signature)*
Name: Michael K. Nelson

7

DATED: _____

NASSER KUTKUT

By: _____
Name:  Nasser Kutkut

DATED: _____

TONY CAPOLINO

By: _____
Name:  Tony Capolino

APPROVED AS TO FORM:

DATED: _____

STOEL RIVES LLP

_____
Michael B. Brown
Nicholas D. Karkazis
Attorneys for Plaintiff and Counter-Defendants
CleanFuture, Inc. and John Thornton

APPROVED AS TO FORM:

DATED: _____

MICHELMAN & ROBINSON, LLP

_____
Jeffrey D. Farrow
Eric J. Rans
Attorneys for Defendants and Counter-Claimants
Motive Energy, Inc. and Smart Charging
Technologies; and Defendants Advanced Charging
Technologies, Inc., Robert J. Itswan, Tony Capolino,
John Boetsch, Al Bellanca, Michael K. Nelson, and
Nasser Kutkut

8

DATED: 8/18/2020

NASSER KUTKUT

By: /s/ Nasser Kutkut
Name: Nasser Kutkut

DATED: _____

TONY CAPOLINO

By: _____
Name: Tony Capolino

APPROVED AS TO FORM:

DATED: _____

STOEL RIVES LLP

_____
Michael B. Brown
Nicholas D. Karkazis
Attorneys for Plaintiff and Counter-Defendants
CleanFuture, Inc. and John Thornton

APPROVED AS TO FORM:

DATED: 8/18/20

MICHELMAN & ROBINSON, LLP

/s/ Jeffrey D. Farrow
Jeffrey D. Farrow
Eric J. Rans
Attorneys for Defendants and Counter-Claimants Motive Energy, Inc. and Smart Charging Technologies; and Defendants Advanced Charging Technologies, Inc., Robert J. Itswan, Tony Capolino, John Boetsch, Al Bellanca, Michael K. Nelson, and Nasser Kutkut

8

107124005.3 0068497-00001

DATED: _____ NASSER KUTKUT

By: _____
Name: Nasser Kutkut

DATED: _____ TONY CAPOLINO

By: _____
Name: Tony Capolino

APPROVED AS TO FORM:

DATED: 8/18/2020    STOEL RIVES LLP

_/s/ Michael B. Brown_
Michael B. Brown
Nicholas D. Karkazis
Attorneys for Plaintiff and Counter-Defendants
CleanFuture, Inc. and John Thornton

APPROVED AS TO FORM:

DATED: _____ MICHELMAN & ROBINSON, LLP

Jeffrey D. Farrow
Eric J. Rans
Attorneys for Defendants and Counter-Claimants
Motive Energy, Inc. and Smart Charging
Technologies; and Defendants Advanced Charging
Technologies, Inc., Robert J. Itswan, Tony Capolino,
John Boetsch, Al Bellanca, Michael K. Nelson, and
Nasser Kutkut

107124005.3 0068497-00001

